IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16CV32-FDW-DSC

| | |
|---|---|
| KENNETH W. FOGLE, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　 )<br>　　vs. )<br>　　　　　　　　　　　 )<br>CAROLYN W. COLVIN, )<br>Commissioner of Social )<br>Security Administration, )<br>　　　　Defendant. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; and that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On April 13, 2012, Plaintiff filed an application for Supplemental Security Income Benefits ("SSI") alleging that he became disabled on December 1, 2011. (Tr. 166). The application was denied initially and upon reconsideration. (Tr. 92, 108). Plaintiff requested a hearing which

1

was held on April 24, 2014 (Tr. 30-63).

On August 20, 2014, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 15-29). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. (Tr. 20). The ALJ also found that Plaintiff suffered from diabetes mellitus type 2, diabetic neuropathy, and obesity which were severe impairments, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 20-22). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work:[2]

> He can sit up to six hours and <u>stand and/or walk for a total of four hours in an eight-hour day</u> with the option to alternate between sitting and standing up to two times each hour, occasionally climb ramps and stairs, balance, stoop, kneel crouch or crawl and should avoid ladders ropes and scaffolds, unprotected heights and machinery with dangerous parts…. [He] can use his bilateral hands for pushing, pulling or operating hand controls as well as fine and gross manipulations frequently but not continuously…. [He] is able to follow short, simple instructions and perform routine tasks but is precluded from work requiring a production rate or demand pace. He can sustain attention and concentration for two hours at a time and should avoid work environments involving crisis situations, complex decision making or constant changes in a routine setting…. [He] also requires 1 to 2 additional 5 minute breaks.

(Tr. 22) (emphasis added). At step four, the ALJ found that Plaintiff could not perform his past work as a janitorial services supervisor, construction superintendent, or project manager. (Tr. 27).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. The ALJ heard testimony from a Vocational Expert ("V.E."). In response to the ALJ's hypothetical question, the V.E. identified jobs as a mail clerk,

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). (emphasis added).

2

not in the post office (Dictionary of Occupational Titles ("DOT") number 209.687-026); office helper (DOT number 239.567-010); and parking lot attendant (DOT number 915.473-010) that Plaintiff could perform. (Tr. 59-60). The ALJ asked the V.E. if her testimony was consistent with the DOT. She replied that it was except for her testimony about breaks and absenteeism. (Tr. 61).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the local and national economy that Plaintiff could perform. (Tr. 28-29). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On November 23, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-5).

Plaintiff filed the present action on January 18, 2016. He assigns error to the ALJ's step five determination and contends that the ALJ failed to resolve an apparent conflict between the V.E.'s testimony and the DOT. Plaintiff's Memorandum at 4, 10-22 (document #14).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

defined for Social Security purposes. Plaintiff contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving an apparent conflict between that testimony and the DOT. The ALJ limited Plaintiff to no more than four hours standing or walking in an eight-hour day. However, 20 CFR § 416.967(b) states that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing." (emphasis added). The DOT descriptions of the jobs identified by the V.E. could require standing and/or walking in excess of four hours per day. Document #14-1. The ALJ did not obtain an explanation from the V.E. about this apparent conflict.

In Colvin v Pearson, 810 F.3d 204, 209 (4th Cir. 2015), the Fourth Circuit held that since a Social Security administrative hearing is non-adversarial, the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether the explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211. Accordingly, it was error for the ALJ to rely on the V.E.'s testimony in denying Plaintiff's claim. Pearson, 810 F.3d at 209; Radford, 734 F.3d at 296.

5

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #13) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #17) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: November 3, 2016

David S. Cayer
United States Magistrate Judge