UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-32-FDW-DSC

| | |
|---|---|
| KENNETH W. FOGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13) and supporting memorandum (Doc. No. 14), Defendant's Motion for Summary Judgment (Doc. No. 17) and supporting memorandum (Doc. No. 18), and the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 19) recommending that Plaintiff's Motion be granted, Defendant's Motion be denied, and the Commissioner's decision be reversed. After Defendant filed objections to the M&R (Doc. No. 20) and Plaintiff filed a Reply (Doc. No. 21), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Defendant's objections, ACCEPTS and ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, REVERSES the Commissioner's decision, and REMANDS the case to the agency for further proceedings consistent with this Order.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section or facts contained in the M&R. Therefore, the facts and portion of the M&R entitled "Procedural History"

are hereby adopted and incorporated by reference as if fully set forth herein.

On April 13, 2012, Plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on December 1, 2011. (Tr. 18). After his application was denied initially and upon reconsideration (Tr. 92, 108), Plaintiff requested a hearing (Tr. 30-63). The Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 15-29). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he had severe impairments of diabetes mellitus type 2, diabetic neuropathy, and obesity (Tr. 20-22); however, those impairments did not meet or medically equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 20-22). The ALJ then found that Plaintiff had the Residual Functional Capacity (RFC) to perform light work with the following limitations:

> He can sit up to six hours and stand and/or walk a total of four hours in an eight-hour day with the option to alternate between sitting and standing up to two times each an hour, occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl and should avoid ladders, ropes and scaffolds, unprotected heights and machinery with dangerous parts. The claimant can use his bilateral hands for pushing, pulling, operating hand controls as well as fine and gross manipulations frequently but not continuously. The claimant is able to follow short, simple instructions and perform routine tasks but is precluded from work requiring a production rate or demand pace. He can sustain attention and concentration for two hours at a time and should avoid work environments involving crisis situations, complex decision making or constant changes in a routine setting. The claimant also requires 1 to 2 additional 5 minute breaks.

(Tr. 22). Based on this RFC, the ALJ found that Plaintiff could not perform his past work as a janitorial services supervisor, construction superintendent, or project manager. (Tr. 27). Nevertheless, in response to a hypothetical that factored in the above limitations, a vocational expert identified three jobs from the <u>Dictionary of Occupational Titles</u> ("DOT") that the Plaintiff could perform: a light and unskilled mail clerk (DOT 209.687-026); entry level clerical/office helper (DOT 239.567-010); and a parking lot attendant (DOT 915.473.010). (Tr. 28-29). The ALJ

2

added an additional limitation that narrowed the hypothetical to an individual in need of taking one to two additional breaks per work day. (Tr. 60). Based on her professional experience, the vocational expert found the additional break limitation did not present any conflicts with the jobs she initially identified. (Tr. 60). The ALJ then asked the vocational expert if her testimony was consistent with the DOT and she replied that it was. (Tr. 61). Based on this testimony, the ALJ determined that the vocational expert's conclusions were consistent with the information contained in the DOT (Tr. 28), and therefore found that there were a significant number of jobs in the local and national economy that Plaintiff could perform (Tr. 27-28). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 28-29).

After the Appeals Council denied Plaintiff's Request for Review (Tr. 1-5), Plaintiff filed the present action challenging the ALJ's decision (Doc. No. 1). Plaintiff assigns error to the ALJ's step five determination and contends that the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the DOT. (Doc. No. 14). The M&R found in Plaintiff's favor, agreeing that the ALJ erred because he failed to obtain an explanation from the expert about an apparent conflict. (Doc. No. 19). Defendant timely filed an objection to the M&R, objecting to its finding regarding the unresolved, apparent conflict. (Doc. No. 20).

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013).

3

Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). If this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned. The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

**B. Review of the Memorandum and Recommendation**

In this case, the M&R found that the ALJ erred in relying on the vocational expert's testimony rather than resolving an apparent conflict between that testimony and the DOT. (Doc. No. 19). The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citations omitted). Furthermore, 28 U.S.C. § 636(b)(1) "does not on its

face require any review at all of issues that are not the subject of an objection." Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000). Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

### III.  ANALYSIS

In his brief to this Court, Plaintiff objects only to the M&R's finding that the ALJ erred when he failed to resolve an apparent conflict between the vocational expert's testimony and the DOT.

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the fifth step, the ALJ considers the claimant's age, education, work experience, and RFC to decide whether he can perform alternative work that exists in significant numbers in the national economy. Id. §§ 404.1520(a)(4)(v), 404.1560(c). The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work. See Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

The ALJ "rel[ies] primarily" on the DOT to determine whether sufficient other work exists for the claimant in the national economy. SOC. SEC. ADMIN., Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info in Disability Decisions, Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2000), at *2 (the Ruling). The ALJ "may also use" a vocational expert to address complex aspects of the employment determination, including the expert's observations of what a particular job requires in practice. Id. The vocational expert's opinion "must be in response to proper

5

hypothetical questions which fairly set out all of the claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted).

Because an expert's testimony can sometimes conflict with the DOT, the Social Security Administration has promulgated a multi-page, formal ruling to "clarif[y the] standards for the use of vocational experts." Id. at 81. The Ruling requires that the ALJ "inquire, on the record" whether the vocational expert's testimony "conflict[s]" with the DOT, and also requires that the ALJ "elicit a reasonable explanation for" and "resolve" conflicts between the expert's testimony and the DOT. Id. at *2. The ALJ must resolve conflicts "before relying on the [vocational expert's] evidence to support a determination or decision about whether the claimant is disabled." Id. However, "[a]n ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [DOT]." Pearson v. Colvin, 810 F.3d 204, 208-9 (2015) (citations omitted).

In her brief to this Court, Defendant argues that the M&R incorrectly concluded (1) that a four hour standing/walking limitation is inconsistent with the definition of light work; (2) that the M&R provided no explanation for its assertion or cited authority to support the conclusion that jobs identified by the vocational expert could require more than four hours of standing or walking; and (3) that no apparent conflict exists because the DOT does not define or explain walking/standing requirements for the specific jobs identified. (Doc. No. 20). The Court disagrees with each of Defendant's arguments.

Defendant's first argument misconstrues the M&R's finding. After reviewing the definition of light work, the M&R concluded that jobs in the light work category *could* or *may* include a "good deal of walking or standing"—not that Plaintiff's four hour standing/walking limitation made him incapable of performing *any* light work. (Doc. No. 20, p. 5). Specifically,

6

the M&R points out that a job is in the light work category "when it requires a good deal of walking or standing." 20 CFR § 416.967(b). The Court agrees that "the DOT descriptions of the jobs identified by the vocational expert could require standing and/or walking in excess of four hours per day, and the ALJ did not obtain an explanation from the expert about this apparent conflict." (Doc. No. 19). Directly addressing this conflict is important because even if some mail clerks, office helpers, and parking lot attendants need not stand and/or walk in excess of four hours, the number of positions in the national economy without this requirement bears on the ALJ's decision. Pearson, 810 F.3d at 211. It is not enough that the positions exist but that they "exist in significant numbers in the national economy." Id.

The M&R's findings rest on the Social Security Regulations, the DOT, and binding Fourth Circuit precedent. (Doc. No. 19). Citing the definition of "light work," the DOT job descriptions, and the Fourth Circuit's opinion on this very issue in Pearson v. Colvin, the M&R correctly concluded that the ALJ erred. 810 F.3d at 204. Contrary to Defendant's assertion, the M&R provided a thorough explanation and cited to binding authority to support its conclusion.

Defendant next contends that "the DOT's summary descriptions of the jobs the vocational expert identified do not include standing or walking requirements." (Doc. No. 20, p. 4). In sum, if the DOT is silent, there is no apparent conflict. (Doc. No. 20, p. 5). However, the DOT is not silent. The definition of light work includes "a good deal of walking or standing" 20 CFR § 416.967(b), and the jobs identified are all catalogued in the DOT as "light work." The descriptions of the jobs identified by the vocational expert *could* require standing and/or walking in excess of four hours per day, and the ALJ did not obtain an explanation for this conflict.

Even if the DOT was silent, Defendant's argument still fails. To support her assertion, Defendant relies on the Seventh Circuit's opinion in Zeblewski v. Astrue. 302 Fed. App'x 488,

7

494 (7th Cir. 2008). However, Zeblewski is not binding precedent on this Court. Even further, Zeblewski relies on a different definition of 'apparent' in the context of an ALJ's affirmative duty to resolve 'apparent' conflicts. Indeed, Zeblewski's definition of apparent was "obvious enough that the ALJ should have picked up on [the conflict]." 302 Fed. App'x at 494 (citing Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008) ("[Plaintiff] now has to argue that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance …"). In fact, the Fourth Circuit expressly rejected the "obvious" standard in determining whether or not a conflict was "apparent." Pearson, 810 F.3d at 209. The Fourth Circuit defined 'apparent' to mean any expert testimony that "seems to, but does not necessarily, conflict with the [DOT]." Id. The definition "embraces the reality that, in many cases, testimony may only appear to conflict with the Dictionary, and the vocational expert may be able to explain that, in fact, no conflict exists." Id.

In the instant case, the ALJ failed to resolve whether the jobs identified by the vocational expert could require standing and/or walking in excess of four hours per day. Accordingly, it was error for the ALJ to rely on the vocational expert's testimony in denying Plaintiff's claim.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's objections are OVERRULED. The Court hereby ACCEPTS and ADOPTS the Magistrate Judge's M&R (Doc. No. 19); GRANTS Plaintiff's Motion for Summary Judgment (Doc. No. 13); DENIES Defendant's Motion for Summary Judgment (Doc. No. 17); REVERSES the Commissioner's decision, and REMANDS the case to the agency for further proceedings to resolve the apparent conflict between the vocational expert's testimony and the DOT.

ORDERED.

Signed: December 14, 2016

Frank D. Whitney
Chief United States District Judge

8